THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TLM OPERATIONS, LLC,<br><br>                Plaintiff,<br>v.<br><br>ALLIED UNIVERSAL RISK ADVISORY AND CONSULTING SERVICES, INC.,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-788 DAK DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

      Plaintiff TLM Operations, LLC (TLM) moves the court under Federal Rules 26 and 45, and Local Rule 37-1, to quash or modify the subpoenas issued by Defendant Allied Universal Risk Advisory and Consulting Services (Allied) to Citibank, America First Credit Union, Central Bank, Utah Community Credit Union, and Zions Bank. For the reasons set forth herein, the court modifies the subpoenas granting the motion in part.

## BACKGROUND[1]

      Allied is a small business that provides security guard services. In September 2021, the parties entered into an agreement whereby TLM would provide security guard services for Allied. A written agreement between the parties was signed in January 2022. Prior to that time, the parties operated under an oral agreement. TLM alleges Defendant failed to timely pay invoices for its services. This alleged breach of their agreement led to TLM suffering significant problems including an inability to pay its employees, a loss of employees, failing to secure

---

[1] The facts are drawn from the Amended Complaint.

certain service agreements, and losing clients. Plaintiff brings multiple claims arising from the parties' failed business transaction.

On September 13, 2024, Allied served subpoenas seeking "[a]ny and all Bank Account Information from August 1, 2020 to the present for the accounts" of TLM, Ieli Tautua, and TLM's former operations Tu'ilokamana Operations, LLC. Plaintiff moves to quash these subpoenas, or in the alternative, requests they be modified to limit the production of documents.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the scope of discovery under the federal rules is broad, parties may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses. See *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26. See *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.* 211 F.R.D. 658, 662 (D. Kan. 2003); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995). In certain circumstances the court may or must quash a subpoena on a timely motion. These include if a subpoena: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits; (3) requires the disclosure of privileged or other protected matter, presuming no exception or waiver applies; (4) subjects an individual to

undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information. Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015) (quotations and citation omitted); *see also Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc.*,189 F.R.D. 620, 635 (D. Kan. 1999).

## DISCUSSION

As a threshold matter the court must determine whether TLM has standing to contest the third-party subpoenas. When a party challenging a subpoena "has a personal right or privilege" regarding the subject matter sought by the subpoena this is usually enough to find standing. *See Wichita Firemen's Relief Ass'n v. Kansas City Life Ins. Co.*, No. 11-1029-KGG, 2012 WL 3245451 at *2 (D. Kan. Aug. 8, 2012) (citing cases); *see also Gulf Coast Shippers Ltd. P'ship v. DHL Exp. (USA), Inc.*, No. 2:09CV221, 2011 WL 5102270 at *1 (D. Utah Oct. 26, 2011). Courts have observed that the right or privilege asserted need not be "weighty" to qualify. *DeGrandis v. Children's Hosp. Boston*, No. 14-10416-FDS, 2016 WL 4491830 at *12 (D. Mass. Aug. 25, 2016) ("The personal right or privilege claimed need not be weighty: parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoenaed third party." (quoting *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 159 (D. Mass. 2013)*; see also Francis v. APEX USA, Inc.*, No. CIV-18-583-SLP, 2020 WL

3

13094070, at *4 (W.D. Okla. May 11, 2020) (considering standing to contest third party subpoenas).

TLM argues the subpoenas seek confidential commercial and financial information. This type of information is sufficient to allow standing to contest the subpoenas. The court agrees that given the circumstances, and the requested information, TLM has standing to contest the subpoenas.

Plaintiff argues the subpoenas are overly broad in both scope and timeframe. "The relationship between TLM and Allied did not commence until September 13, 2021."[2] Thus, seeking financial information dating back to August 1, 2020, and after March 2023, is overbroad, disproportionate, and seeks irrelevant information. In addition, the subpoenas seek confidential commercial and financial information regarding non-parties to this litigation who are not mentioned in the Complaint. This includes Plaintiff's owner Ieli Charlie Tautuaa and Plaintiff's former operations Tu'ilokamana Operations, LLC.

In response, Allied argues Rule 45 does not permit a motion to quash based on claims of relevance, intrusiveness, or a fishing expedition. Moreover, according to Allied, the subpoenas are narrowly tailored to request essential information. Allied has sought these documents in response to the large monetary claims made by Plaintiff, but Plaintiff denied having possession or control of any financial documents. Supposedly, even Plaintiff noted a need for the subpoenas. In essence the financial information is essential because Allied cannot defend itself without the information.

Contrary to Allied's position, the court finds TLM may contest the subpoenas based on relevance and breadth under the Federal Rules. *See Goodyear Tire & Rubber Co.*, 211 F.R.D. at

---

[2] Mtn. p. 2.

662 ("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34."). The court is also persuaded that the information sought is relevant to TLM's claims. The timeframe sought by Allied, however, is overbroad given the circumstances in this case. The court is persuaded that the timeframe for the subpoenas should be more limited to the business relationship between the parties. Thus, the dates for the subpoenas are modified to August 2021 through April 2023. This allows for documentation one month before and one month after the parties' business relationship. The information obtained is protected under the court's standard protective order that is entered in every case. As such, this should prevent the unnecessary disclosure of sensitive and confidential information.

Finally, the court is persuaded that information sought from Mr. Tautuaa and Plaintiff's former operations Tu'ilokamana Operations, may be obtained. In the Amended Complaint Plaintiff is seeking a large amount of reparations stemming from a variety of "suffered damages."[3] This includes alleged liability for personal credit card debt. Accordingly, the court finds the information sought about Mr. Tautuaa and Tu'ilokamana Operations relevant and discoverable based on TLM's damage claims.

## ORDER

Based upon the foregoing, Plaintiff's Motion is GRANTED IN PART. The subpoenas are to be modified to a timeframe from August 2021 through April 2023.

---

[3] In the Amended Complaint Plaintiff states:

> In addition to the damages alleged above, and other damages to be disclosed during discovery, TLM also suffered damages from Defendant's breach of the Agreement including, but not limited to, $855,000.00 for the amount for which the company was to be purchased; $22,344.00 liability for personal credit card debt; $53,610.00 for unpaid employee pay, taxes, and payroll; $30,411.00 for vehicles repossessed and sold to pay debt obligations; $11,700.00 for unpaid rent; $23,400.00 for an office contract violation fee to close contract; $140,100.00 to pay off all other debt sent to collection for inability to pay; and $20,000.00 courts and attorney fees.

Amended Complaint ¶70, ECF No. 18.

IT IS SO ORDERED.

DATED this 28 October 2024.

_____
Dustin B. Pead
United States Magistrate Judge